THE GELTMAN CORPORATION v. NEISLER MILLS, INC.

(Filed 10 July 1968.)

**Trial § 21—**

On motion to nonsuit, all of the evidence must be considered in the light most favorable to the plaintiff, and this is so because the jury may give more weight to the plaintiff's evidence and may find according to the plaintiff's evidence.

APPEAL by plaintiff from *Falls, J.,* 1 January 1968 Session CATAWBA Superior Court.

Plaintiff instituted this action to recover the balance alleged to be due on an account for treating fabrics with stain repellent for the defendant. By answer defendant denied that plaintiff had performed any services for it.

Plaintiff's evidence tended to show that plaintiff began to treat fabrics with stain repellent for the defendant in December 1965, and continued until July 1966, at which time defendant began doing its own treating of its fabrics. That periodically invoices were sent to defendant and paid by defendant. That in July 1966 defendant owed plaintiff a balance of $5,052.28. That after this action was instituted defendant made seven separate payments on the account, leaving a balance of $1,500.00 at the time of trial.

Defendant's evidence tended to show that defendant was merely a real estate holding company for Massachusetts Mohair Plush Company, Inc., and that plaintiff had never done any work for the defendant.

At the close of all the evidence the trial judge entered judgment of nonsuit. Plaintiff appealed.

*Williams, Pannell and Matthews by Phillip R. Matthews for plaintiff appellant.*

*H. Haywood Robbins and Lefler and Gordon for defendant appellee.*

BROCK, J. The plaintiff assigns as error the action of Judge Falls in allowing defendant's motion for judgment of nonsuit.

The evidence was in direct conflict, and the question of whether defendant owed the plaintiff a sum of money was a question for the jury. In determining this question it was for the jury to find whether plaintiff had in fact performed services for the defendant.

In considering whether plaintiff's evidence is sufficient to withstand defendant's motion for nonsuit at the close of all the evidence, all of the evidence must be considered in the light most favorable to the plaintiff. This is so because the jury may give more weight to

the plaintiff's evidence and may find according to the plaintiff's evidence. *Sneed v. Lions Club*, 273 N.C. 98, 159 S.E. 2d 770.

We hold that plaintiff's evidence as disclosed by the record on appeal is sufficient to require submission of the case to the jury.

Reversed.

MALLARD, C.J., and PARKER, J., concur.